## UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF NEW YORK

MADELINE FELDMAN,

                                        Plaintiff,                                        Case No. 23-cv-6169-LGS

        -against-

MIND MEDICINE, INC.

                                        Defendant.

## STIPULATION FOR PROTECTIVE ORDER

        This matter having come before the Court by stipulation of plaintiff, Madeline Feldman, and defendant Mind Medicine Inc. (individually "Party" and collectively "Parties") for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c) limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

        1.      This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

        2.      Either Party, or appropriate non-party, may designate Documents produced, or Testimony given, in connection with this action as "Confidential," either by notation on the

document, statement on the record of the deposition, written advice to the respective undersigned

counsel for the Parties hereto, or by other appropriate means.

3.      As used herein:

(a)      "Confidential Information" shall mean all Documents and Testimony, and

all information contained therein, and other information designated as confidential, if such

Documents or Testimony contain trade secrets, proprietary business information, competitively

sensitive information, personally sensitive information, or other information the disclosure of

which would, in the good faith judgment of the Party designating the material as confidential, be

detrimental to the conduct of that Party's business or the business of any of that Party's

customers or clients.

(b)      "Producing Party" shall mean the parties to this action and any non-parties

producing "Confidential Information" in connection with depositions, document production or

otherwise, or the Party, or non-party, asserting the confidentiality privilege, as the case may be.

(c)      "Receiving Party" shall mean the party to this action and/or any non-party

receiving "Confidential Information" in connection with depositions, document production or

otherwise.

4.      The Receiving Party may, at any time, notify the Producing Party that the

Receiving Party does not concur in the designation of a document or other material as

Confidential Information.   If the Producing Party does not agree to declassify such document or

material, the Producing Party may seek a conference with the Court, pending which the

documents or materials shall continue to be treated as Confidential Information.   In the event

that the Producing Party does not seek a conference with the Court within five days of the request

to declassify, the documents or materials shall no longer be treated as Confidential Information.

5.      Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

a.      personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b.      counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c.      expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

d.      the Court and court personnel;

e.      an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

f.      trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

g.      any other person agreed to by the Parties.

6.      Confidential Information shall be utilized by the Receiving Party and its counsel

only for purposes of this litigation and for no other purposes.

7.      Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall provide the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.   Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Party at the time of the expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8.      All depositions shall presumptively treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen (15) day period, the deposition shall be classified appropriately.

9.      Should the need arise for any Party, or appropriate non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, and the Parties cannot resolve any disputes over the disclosure of Confidential Information between themselves, the Parties may seek a conference with the Court.

10.      This Stipulation shall not preclude counsel for the Parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

11.      A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case,

or any portion thereof.  In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality privilege.  Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

12.     A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other Parties with reasonable advance notice of its intentions; in the event the parties cannot resolve the issues, the Parties may seek a conference with the Court.

13.     Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure..

14.     Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature, as provided in paragraph 2 of this Stipulation, may be so designated by the Party asserting the confidentiality

privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15.    Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16.    The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that a particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

17.    This Stipulation is entered into without prejudice to the right of either Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

18.    This Stipulation shall continue to be binding after the conclusion of this litigation except

(a)    that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal as allowed by order of the Court); and

(b)    that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of rhe Parties, continue to be binding after the conclusion of this action.

19.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.   In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.   Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits.   This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.   Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or non-party or its affiliate(s) in connection with any other matters.

21.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22.     If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or

legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

23.     The Parties and all signatories to the Acknowledgement attached hereto as Exhibit A agree to be bound by this Proposed Stipulation and Order for the Production and Exchange of Confidential Information pending its approval and entry by the CourtIt is the Parties' intent to be bound by the terms of this Proposed Stipulation and Order for the Production and Exchange of Confidential Information pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

24.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

25.     The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as confidential.

Dated: New York, New York
            November 9, 2023

 Respectfully submitted,

 GODDARD LAW PLLC                              JACKSON LEWIS P.C.

 *Frances Codd Slusarz*                          s/David S. Greenhaus

8

| | |
|---|---|
| Megan S. Goddard | David S. Greenhaus |
| Frances Codd Slusarz | Cliff LaFemina |
| 39 Broadway, Suite 1540 | 58 South Service Road, Suite 250 |
| New York, New York 10006 | Melville, NY 11747 |
| Tel 646 964-1178 | 531-247-0404 |
| megan@goddardlawnyc.com | David.Greenhaus@jacksonlewis.com |
| frances@goddardlawnyc.com | Cliff.Lafemina@jacksonlewis.com |

*Attorneys for Plaintiff*                                *Attorneys for Defendants*

Documents may be filed under seal only as provided in Rule I.D.3 of the Court's Individual Rules.  So Ordered.

Dated: November 13, 2023
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT "A"

## UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF NEW YORK

MADELINE FELDMAN,

                              Plaintiff,                    Case No. 23-cv-6169-LGS

    -against-

MIND MEDICINE, INC.

                             Defendant.

I,_____, state that:

1.      My address is

_____.

2.      My present employer is

_____.

3.      My present occupation or job description is

_____

_____.

4.      I have received a copy of the Stipulation for the Production and Exchange of

CONFIDENTIAL INFORMATION (the "Stipulation") entered in the above-entitled action on

_____.

5.      I have carefully read and understand the provisions of the Stipulation.

6.      I will comply with all of the provisions of the Stipulation.

7.      I will hold in confidence, will not disclose to anyone not qualified under the

Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated:

_____
[signature]

_____
[print name]

4878-4384-3467, v. 1

11