UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

So Ordered.

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated: January 18, 2024
New York, New York

MADELINE FELDMAN,

    Plaintiff,

-against-

Case No. 23-cv-6169-LGS

MIND MEDICINE, INC.,

    Defendant.

**PROTOCOL FOR THE DISCLOSURE, SEARCH AND PRODUCTION
OF ELECTRONIC SYSTEMS AND ELECTRONICALLY STORED INFORMATION**

    Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff and Defendant (each, a "Party" and, collectively, the "Parties"), have stipulated and agreed to the following terms with respect to the production of electronically stored information ("ESI") in this Matter (the "Matter") as set forth herein (the "ESI Stipulation"):

## GENERAL PROVISIONS

1.    This ESI Stipulation is being entered into to facilitate the collection, processing, production and exchange of documents and information in this Matter in the form of ESI. The Parties expressly recognize and agree that this ESI Stipulation is solely limited to this Matter and shall not govern any other future litigation between the Parties whether arising in this Matter or any other court, mediation or arbitration forum.

2.    To the extent reasonably possible, the production of documents shall be conducted to maximize efficient and quick access to documents and minimize related discovery costs. The terms of this ESI Stipulation should be construed to ensure the prompt, efficient, and cost-effective

1

exchange of information consistent with the Federal Rules of Civil Procedure and any orders by the Court.

## DEFINITIONS

The following definitions apply to the terms used in this Stipulation:

3.  The term "ESI" includes, but is not limited to, emails and attachments, voicemail, instant messaging and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, phone text messages, Internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices and network access information and backup materials, Native Files and the corresponding Metadata which is ordinarily maintained. As the term is used herein, ESI is not to be deemed "inaccessible" based solely on its source or type of storage media. Inaccessibility is based on the burden and expense of recovering and producing the ESI and the relative need for the data. However, the Parties shall not be required to preserve or search information in data sources that are not reasonably accessible, including, but not limited to, back-up tapes, disaster recovery systems, offline archives, and data sources that are not used for normal business operations and/or require unreasonable expense or burden to search and produce. The Parties shall make a reasonable inquiry to ascertain whether they possess or control discoverable information in the form of telephone call logs, voice-mails, instant messages, and mobile phone text and picture messages. To the extent a Party reasonably believes discoverable information exists in telephone call logs, voice-mails, instant messages, and mobile phone text and picture messages, the Party shall preserve the discoverable information. However, a Party has no duty to preserve telephone call logs, voice-mails, instant messages, and mobile phone text and picture messages if,

after reasonable inquiry, the Party believes that no discoverable information exists on such telephone call logs, voice-mails, instant messages, and mobile phone text and picture messages.

4.      The term "Native File(s)" means ESI in the electronic format of the application in which such ESI was created, viewed, stored and/or modified. Native Files are a subset of ESI.

5.      The term "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; or (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, sent, received or otherwise manipulated by a user of such system. Metadata is a subset of ESI.

6.      The term "Load File" means a file that relates to a set of scanned or electronic images or electronically processed files that indicate where individual pages or files belong together as documents, including attachments, and where each document begins and ends, and/or a standard Concordance DAT delimited load file(s) containing metadata and production fields. Load File(s) for images shall consist of OPT formatted image cross-reference files linking the image to the database file.. A Load File may also contain data relevant to the individual documents, such as Metadata, coded data, text, and the like. Load Files must be obtained and provided in prearranged formats to ensure transfer of accurate and usable production images and data.

7.      The term "Static Image(s)" means a representation of ESI produced by converting a Native File into a standard image format capable of being viewed and printed on standard litigation support software. The most common forms of Static Images used in litigation are ESI provided in either Tagged Image File Format (TIFF, or .TIF files) or Portable Document Format (PDF).

8.      The term "OCR text" means text that is generated by converting Static Images into searchable text format.

9. The term "Producing Party" shall mean any Party to this Matter or any third-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this action.

10. The term "Receiving Party" shall mean any Party to this Matter, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material from a Producing Party during this Matter.

11. The term "Discovery Material" shall mean any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process.

## PRODUCTION FORMATS

12. ESI shall be produced in the form specified herein. No Producing Party may reformat, scrub or alter the ESI to intentionally downgrade the usability of the data.

13. With the exception of the documents identified in Paragraph 17, the Parties shall produce all ESI in single-page TIFFs, in Group IV black and white format, with Load Files for all documents.

14.     The Parties shall produce Metadata Load Files for each ESI document which include the following fields:

| Field Order | Field Name | Description | Example |
|---|---|---|---|
| 1 | BEGDOC | The beginning bates number of this document | ABC00000001 |
| 2 | ENDDOC | The last bates number of this document | ABC00000010 |
| 4 | BEGATTACH | The beginning bates number of the document family | ABC00000001 |
| 5 | ENDATTACH | The last bates number of the entire document family | ABC00000027 |
| 6 | CUSTODIAN | Custodian to which the data is associated with. | John Doe |
| 8 | RECORDTYPE | Type of electronic record: | Email, Attachments, eDoc |
| 9 | FROM | Author of the e-mail message | Mary.Smith@hotmail.com |
| 10 | TO | Main recipient(s) of the e-mail message, by email address. | JohnDoe@gmail.com |
| 11 | CC | Recipient(s) of "Carbon Copies" of the e-mail message. | Michael123@yahoo.com |
| 12 | BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. | helpdesk@omnivere.com |
| 13 | SUBJECT | Subject of the e-mail message. | Fw: Urgent |
| 14 | DATESENT | Date when the email was sent. The date is formatted in US format: mm/dd/yyyy | 02/24/2007 |
| 15 | TIMESENT | Time when the email was sent. The time is formatted in US format: hh:mm:ss | 11:20:30 |

| Field Order | Field Name | Description | Example |
|---|---|---|---|
| 16 | FILEEXT | File extension of native file. | .msg, .pst, .xls |
| 17 | AUTHOR | Author field from metadata of a native file. | Msmith |
| 18 | DATECREATED | Date when the file was created. The date is formatted in US format: mm/dd/yyyy | 02/24/2007 |
| 22 | CONFIDENTIALITY | Confidentiality designation | Confidential; Attorney's Eyes Only |
| 25 | FILESIZE | Size of native file, in bytes | 2546683 |
| 26 | PAGECOUNT | Number of pages | 3 |
| 29 | FILENAME | Original filename of native file. Contains subject of e-mail message for e-mail records. | Real estate holdings.xlsx |
| 33 | MD5HASH | Unique identifier, similar to a fingerprint, extracted from all files. | D564668821C34200FF3E32C9BFDCCC8 0 |
| 35 | TEXTPATH | Path to the extracted text for the document, for mapping | Text\EFXAA00000001.txt |
| 36 | NATIVELINK | Path to the produced native file version (if applicable), for mapping | Natives\001\ABC00001.xls |

15. The Parties shall provide extracted text for all files that originated in electronic form. When no extracted text is available for a file that originated in electronic format, OCR text shall be provided unless the production of OCR text for such document is not technologically feasible. Extracted or OCR text shall be provided with one text file per document. OCR text shall be provided for all documents that originated in hard copy, i.e., hard copy that was scanned for purposes of the production.

16.     The Parties shall provide Native Files for PPT, XLS, Audio, Video, and non-standard format documents. For any document produced as a Native File, the Parties shall also produce a TIFF placeholder with a sequential Bates number that corresponds with the Native File.

17.     All documents must be endorsed with sequential Bates numbers on the lower right-hand corner of all images.

18.     The Parties will make reasonable efforts to de-duplicate ESI documents globally prior to production.

19.     The Parties may produce ESI via FTP transmission, removable USB flash drives, CD/DVD, or other media as otherwise agreed, and shall identify the Bates range contained in the respective production.

20.     Certain types of files that are attached to emails usually contain information that is not material to an action, a.k.a. "junk files." The Parties agree that neither Party is required to produce files with a .vcf extension or any files that are less than 3,000 kb in size with the following file extensions: .jpeg; .gif; .png; .jpg; and .bmp. Such excluded files shall not include product labeling files relevant to the issues in this litigation. For sake of clarity, the purpose of this paragraph is to eliminate the need to produce corporate logo image files that frequently appear at the base of corporate emails. If, after receiving a production, a Receiving Party can show a legitimate need for information contained in the file extensions identified in this paragraph, it may request that certain files associated with particular Bates numbers to be produced.

21.     If a document is redacted, the Producing Party shall produce OCR text of the un-redacted portions of the document. No text from the redacted portion of the document will appear in the text file. Failure to withhold OCR text from a redacted portion of a document by a Producing Party shall not be deemed a waiver of any privilege associated with that document.

## NO INADVERTENT WAIVER

22.     Nothing herein shall be interpreted or deemed to waive any privilege recognized by law, including attorney-client privilege, the attorney work-product doctrine, and/or any other privilege that may be applicable, or shall be construed to imply that any documents produced under the terms of this ESI Stipulation are properly discoverable, relevant, or admissible in this Matter or in any other litigation, mediation, or arbitration. Additionally, nothing in this ESI Stipulation shall be deemed to waive or limit either Party's right to object to the production of certain ESI, pursuant to Federal Rule of Civil Procedure 26 on the ground that the sources are not reasonably accessible because of undue burden or cost, or are not proportional to the needs of the case, or are being withheld as documents subject to the attorney-client privilege or attorney work-product doctrine. Where manual searching and reviewing of ESI for responsiveness and privilege may be unduly burdensome or costly to a Party, or not proportional to the needs of the case, the Parties may discuss – and, in this case, are in the process of discussing - use of a search term protocol or proposed searching methodologies to aid in or make more efficient the ESI collection, review, and production process. Neither Party is obligated to use a proposed search term protocol or proposed searching methodologies, and if the Parties agree to a proposed search term protocol or proposed searching methodologies, the Producing Party does not waive any objections to production pursuant to Federal Rule of Civil Procedure 26, including, but not limited to, objections relating to burden or proportionality.

23.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of documents that a Producing Party believes in good faith are subject to a claim of attorney-client privilege or work-product immunity is not a waiver in the action or in any federal or state proceeding. Unless previously waived, the inadvertent disclosure of any privileged information shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence. If a Receiving Party finds

information that the Producing Party produces or provides discovery that is subject to a claim of attorney-client privilege or work-product immunity, the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of finding the information. If the Producing Party becomes aware that it may have provided information subject to the attorney-client privilege, it may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party. Upon receiving written notice, the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of receiving such written notice, provided that, if the attorney-client privileged or work product immunity is contested, a copy may be maintained by the Receiving Party and provided to the Court for an in camera review for determination whether the designation is proper. The Receiving Party will not review the contested discovery until the Court renders it ruling, and will return or destroy the contested discovery if the Court rules that it is protected by either the attorney-client privilege or work product doctrine.

24. The Parties agree to promptly alert each other concerning any technical problems associated with complying with this ESI Stipulation. To the extent compliance with this ESI Stipulation imposes an undue burden with respect to any protocol, source, or search term, the Parties shall promptly confer in an effort to resolve the issue. If the Parties are unable to resolve the issue by mutual agreement after such conference, the Party seeking relief may move the Court for relief for good cause shown.

25. This ESI Stipulation may be changed by order of the Court or further signed written agreement of the Parties, and is without prejudice to the rights of any Party to move for relief from

any of its provisions, or to seek or agree to different or additional procedures or protections for any particular ESI materials or information.

26. Nothing herein shall amend, alter, or otherwise change or supersede the terms and conditions contained in the Stipulated Protective Order (ECF No. 33).

Respectfully submitted,

| GODDARD LAW PLLC | JACKSON LEWIS P.C. |
|---|---|
| *s/ Frances Codd Slusarz* | *s/ David S. Greenhaus* |
| Megan S. Goddard | David S. Greenhaus |
| Frances Codd Slusarz | Cliff LaFemina |
| 39 Broadway, Suite 1540 | 58 South Service Road, Suite 250 |
| New York, New York 10006 | Melville, NY 11747 |
| Tel 646 964-1178 | 531-247-0404 |
| megan@goddardlawnyc.com | David.Greenhaus@jacksonlewis.com |
| frances@goddardlawnyc.com | Cliff.Lafemina@jacksonlewis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

4895-4910-8637, v. 1