Plaintiff shall file a response, not to exceed three pages, by **May 21, 2024**.  So Ordered.

Dated: May 20, 2024
New York, New York

*Lorna G. Schofield*
**LORNA G. SCHOFIELD**
UNITED STATES DISTRICT JUDGE

May 16, 2024

**VIA ECF**

The Honorable Lorna Schofield
Thurgood Marshall United States Courthouse
 Southern District of New York
40 Foley Square, Room 1106
New York, NY 10007

                 Re:    Madeline Feldman v. Mind Medicine, Inc.
                           23-cv-06169-LGS

Dear Judge Schofield:

      We represent Defendant Mind Medicine, Inc. ("Defendant" or "MindMed") in the above-referenced matter. Pursuant to Rule III(C)(3) of Your Honor's Individual Practice Rules, we write to request a pre-motion conference to resolve a discovery dispute between the parties concerning Plaintiff's failure/refusal to produce medical records and/or executed authorization forms, employment records, and income records.

**I.     PLAINTIFF HAS FAILED TO PRODUCE THE FOLLOWING DOCUMENTS:**

- Medical records authorization forms for the following providers:

    - Dr. Reynold
    - Dr. Spencer
    - Dr. Katie Henkel
    - Plaintiff's primary care physician(s) – as yet unnamed.
    - Plaintiff's OB/GYN
    - Plaintiff's medical providers – as yet unnamed - who diagnosed, treated, and monitored her brain tumor
    - Plaintiff's medical providers – as yet unnamed - who diagnosed, treated, and monitored her long COVID

- Plaintiff's pharmacy records (i.e., additional medical records)

- Plaintiff's employment and income records following the cessation of her employment with Defendant including, but not limited to, with/from her employment with a company called StartUpNV

## II. DEFENDANT'S GOOD FAITH EFFORTS TO RESOLVE THESE DISPUTES

Defendant served discovery demands on November 10, 2023 – those demands included requests to produce documents related to Plaintiff's medical records (Request Nos. 16 and 17), employment records (Request Nos. 20 and 21) and income records (Request No. 23). Plaintiff produced executed medical record authorization forms for seven of her medical providers on November 13, 2023. Thereafter, Plaintiff produced more comprehensive responses to Defendant's first set of discovery demands on December 22, 2023, including executed medical record authorization forms for an additional four medical providers (11 authorization forms in total).

Plaintiff's production, however, was deficient and incomplete. With respect to Request Nos. 16 and 17, Plaintiff asserted she provided all relevant HIPAA authorizations. But Defendant learned of additional medical providers for whom Plaintiff failed to identify and/or provide an executed medical record authorization form through its review of records provided by one of Plaintiff's doctors.

With respect to Request Nos. 20, 21 and 23, Plaintiff failed to produce any documents related to her employment – personnel or compensation related – with StartUpNV, which she identified as her current employer in her interrogatory responses and deposition testimony.

We sent Plaintiff's counsel a deficiency letter on February 8, 2024 and sought to initiate a conference to discuss the above issues. ***Plaintiff's counsel did not respond***.[1] We then contacted Plaintiff's counsel via email on February 28 about a pending authorization for one of the providers. ***Plaintiff's counsel did not respond***. We followed up with Plaintiff's counsel on March 12 regarding efforts to meet and confer. Although Plaintiff's counsel responded in part to our email, she wholly failed to address the February 8 letter and continued to ignore our request to meet and confer. We then requested, via email, Plaintiff's counsel provide the names of medical providers from whom she sought treatment for her brain tumor and long COVID. ***Plaintiff counsel did not respond***. We sent a second deficiency letter on April 25 outlining our attempts to resolve the discovery dispute and providing Plaintiff's counsel with an opportunity to correct the deficiencies in Plaintiff's production. ***Plaintiff's counsel, once again, did not respond.***

---

[1] We also requested Plaintiff assist with the production of medical records for which Plaintiff already executed medical record authorization forms. We have received responses from 4 of the 11 providers for whom Plaintiff provided executed authorizations. Plaintiff has not affirmatively agreed to ask the other seven medical providers to cooperate in this process despite multiple requests by us. As such, we are preparing subpoenas to compel production of such records pending this instant application.

We have consistently attempted to meet and confer with Plaintiff's counsel over the past three months in an effort to obtain all relevant authorization forms without judicial intervention. Plaintiff's counsel, however, has utterly failed to cooperate in the process or even acknowledge our attempts to resolve these issues. We now requests the Court's intervention to assist in the resolution of this dispute.

II. **DEFENDANT IS ENTITLED TO OBTAIN PLAINTIFF'S RECORDS AS THESE RECORDS ARE RELEVANT TO PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES.**

Plaintiff's medical records are relevant to this case and especially pertinent to allowing Defendant to assert its defenses to both liability and damages. Plaintiff alleges she suffered "extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself and her family, harm to her employability and earning capacity, painful embarrassment among her family, friends, and co-workers, damage to her good reputation, disruption of her personal life, and the loss of enjoyment of the ordinary pleasures of everyday life" due to Defendant's alleged actions. (See Dkt. No. 42, ¶¶ 116, 130, 154, 163). Defendant, therefore, is entitled to discovery of Plaintiff's medical conditions and treatment for those conditions. See Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 223 (S.D.N.Y. 1994) ("Since plaintiffs seek to prove that they have suffered emotional distress as a result of [] harassment . . . defense counsel has a right to inquire into plaintiffs' past for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related."). Moreover, Defendant is entitled to mental health records due to Plaintiff's waiver of the psychotherapist-patient privilege. Plaintiff waived such privilege by alleging more than garden variety emotional distress as she "clearly asserts that her extensive emotional damages stem from [Defendant's] alleged misconduct, thus, fairness requires that Defendant[] be permitted to probe whether such damages were caused, in whole or in part, by prior events. Doe v. Sarah Lawrence Coll., 2021 U.S. Dist. LEXIS 10499, at **11-12 (S.D.N.Y. Jan. 20, 2021).[2]

III. **CONCLUSION**

For the reasons stated above, Defendant requests a pre-motion conference before Your Honor to seek leave to file a motion to compel Plaintiff to produce documents related to her medical records (including the production of an executed medical records authorization form), employment records, and income records. In the alternative, Defendant respectfully requests Your Honor to issue an Order compelling Plaintiff to meet its discovery obligations and produce such information.

---

[2] Plaintiff's employment and income records are likewise relevant. Defendant (i.e., Plaintiff's past employer) is entitled to discovery regarding Plaintiff's employment and income records as it directly relates to Plaintiff's claim for damages. Plaintiff's "request for damages and [Defendant's] request for information regarding [P]laintiff's earning potential puts [her] earnings from subsequent employers at issue, making [Defendant's] request for information regarding salary or wage information relevant and reasonable." Broome v. Int'l Cruise & Excursions Gallery, Inc., 2019 U.S. Dist. LEXIS 241639, at *9 (E.D.N.Y. Nov. 19, 2019). Here, Plaintiff is seeking an award of backpay damages and, similarly, has made her earnings at issue. Accordingly, Defendant must be able to seek such information in discovery.

**JacksonLewis**

Thank you very much for your consideration of this matter.

                              Respectfully submitted,

                              JACKSON LEWIS P.C.

                              */s/David S. Greenhaus*

                              David S. Greenhaus
                              Cliff LaFemina

4866-0445-7404, v. 1